IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HENRY ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-011-SLR |
| | ) | |
| JANET NAPOLITANO, Secretary of the Department of Homeland Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

Henry Allen, Newark, Delaware. Pro se Plaintiff.

Jennifer Lynn Hall and Lesley F. Wolf, Assistant United States Attorneys, United States Department of Justice, Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

Dated: February 16, 2012
Wilmington, Delaware

**ROBINSON, District Judge**

**I. INTRODUCTION**

Plaintiff Henry Allen ("plaintiff") filed this employment discrimination lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. (D.I. 2) Pending before the court is defendant's motion to dismiss for improper venue or, in the alternative, for failure to state a claim. (D.I. 10) For the following reasons, the court will direct the Clerk of Court to transfer this action to the United States District Court for the Northern District of Georgia.

**II. BACKGROUND**

Plaintiff, who currently resides in Newark, Delaware, filed this action alleging employment discrimination based upon race, sex, and sexual orientation. Plaintiff was employed as a transportation security officer at the Hartsfield Jackson International Airport ("the Airport") in Atlanta, Georgia, at the time of events giving rise to his claims of employment discrimination. He was terminated from his position on January 18, 2007.

Plaintiff's performance and/or disciplinary records are maintained at the local Transportation Security Administration ("TSA") where he was employed as a transportation security officer (i.e., the Airport). TSA official personnel files are located in the TSA's human resources service office in Reston, Virginia. When a transportation security officer's official personnel files are retired, they are archived at the Federal Records Center in the State of Missouri. According to the Airport's TSA's human resource specialist, the TSA would incur significant hardship due to the operational needs of security screening at the Airport were it required to send members of its

screening workforce to another state during their scheduled shifts for court proceedings as witnesses. (D.I. 11, Marcia Bearden aff.)

Plaintiff notes that it has been over four years since his separation from the TSA and it is possible that his records are no longer at the Airport but were transferred to the Federal Records Center. Plaintiff indicates that he does not have money to travel between Delaware and Georgia. (D.I. 13)

## III. STANDARD OF REVIEW

A court may dismiss a lawsuit for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The Federal Rules of Civil Procedure do not contain any specific venue provisions or requirements. The court must determine whether venue is proper in accordance with the appropriate statutes when deciding a motion to dismiss for improper venue. *Albright v. W. L. Gord & Associates, Inc.*, 2002 WL 1765340, at *3 (D. Del. July 31, 2002) (citations omitted). Venue generally must be established for each separate claim in a complaint. *Stein v. Chemtex Int'l, Inc.*, 2004 WL 722252 (D. Del. Mar. 31, 2004). The moving party has the burden of proving that venue is improper. *Id.* (citing *Myers v. American Dental Ass'n,* 695 F.2d 716, 724 (3d Cir. 1982)).

## IV. DISCUSSION

Plaintiff raises employment discrimination claims pursuant Title VII and, therefore, defendant moves for dismissal pursuant to 28 U.S.C. § 1406(a) on the grounds that venue in a Title VII action is subject to the specific venue provisions of 42 U.S.C.

2

§ 2000e-5(f)(3). Defendant correctly notes that the court has the discretion pursuant to § 1406(a) to transfer the case to the United States District Court for the Northern District of Georgia.[1]

Plaintiff does not assert that venue is proper in the State of Delaware. Rather, he argues that it has been four years since he was last employed with the TSA and he presumes that his personnel records are no longer located in Atlanta. In addition, he now resides in Delaware and does not have the money to travel between Delaware and Georgia.

If a case is filed in the wrong court, § 1406(a) specifically provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court may only do so, however, if the defendant objects to venue. *Henderson v. Keisling*, 341 F. App'x 769 (3d Cir. 2009) (not published) (citing 28 U.S.C. § 1406(b)).

Section 2000e-5(f)(3) provides that a Title VII action may be brought in: (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice,

---

[1]Defendant also moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). The court will not address the merits of the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Instead, as will be discussed, the court concludes that this lawsuit was filed in an improper venue.

but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. 42 U.S.C. § 2000e-5(f)(3). Courts have determined that, for Title VII claims, Congress intended to "limit venue to the judicial district concerned with the alleged discrimination." *Stebbins v. State Farm Mut. Auto Ins., Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969). This venue provision is exclusive. *See Thurmon v. Marietta Dada Sys.*, 596 F.Supp. 367, 368 (M.D. Pa. 1984).

Plaintiff does not contest that: (1) the alleged unlawful employment practice occurred at the Airport in Atlanta, Georgia; (2) the business records are located in Georgia, Virginia, and/or Missouri; (3) he would have worked in Atlanta, Georgia but for the alleged employment discrimination; and (4) the Airport is located in Atlanta, Georgia. Notably, the alleged discrimination did not occur in Delaware, the employment records are not kept in Delaware, and defendant's principal offices are not located in Delaware. Thus, venue is not proper in this court.

The complaint could have, and should have, been filed in the United States District Court for the Northern District of Georgia. Accordingly, in the interest of justice, the court will transfer the case to the appropriate district, the Northern District of Georgia.

## V. CONCLUSION

For the above reasons, the Court will grant defendant's motion to the extent that the case will be transferred to the United States District Court for the Northern District of

Georgia. The court will deny without prejudice the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

An appropriate order will issue.